IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GORDON B. MCDERMOTT                :
                                   :
v.                                 :      CIVIL NO. CCB-00-3057
                                   :
THE NATIONAL SHIPPING COMPANY      :
OF SAUDI ARABIA                    :
                        ...oOo...

### MEMORANDUM

Now pending before this Court is a motion by Defendant, The National Shipping Company of Saudi Arabia ("NSCSA"), to dismiss the complaint of Plaintiff Gordon B. McDermott, pursuant to Federal Rule of Civil Procedure 12(b)(6). NSCSA contends that Mr. McDermott has failed to state a claim upon which relief can be granted because the doctrine of res judicata bars the claims outlined in the complaint. This matter has been fully briefed and no hearing is necessary. See Local Rule 105.6. For the reasons that follow, the Court will **grant** NSCSA's motion to dismiss.

### STANDARD OF REVIEW

The Fourth Circuit has summarized the basic principles governing the resolution of Rule 12(b)(6) motions:

> The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; "importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. See id. . . . We do note, however, that for

purposes of Rule 12(b)(6), we are not required to accept as true the legal conclusions set forth in a plaintiff's complaint. See District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir. 1979).

Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). Exhibits attached to the pleadings are considered part of the complaint. See Fed. R. Civ. P. 10(c). Where matters outside the pleadings are considered by the court, a defendant's motion to dismiss will be treated as one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(b)(6).

## **BACKGROUND**

The court has issued two opinions in a prior case (CCB-99-3080) regarding Mr. McDermott's employment relationship with NSCSA. On January 24, 2000, this court granted NSCSA's motion to dismiss, holding that, as a matter of law, Mr. McDermott failed to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as to the claims of breach of contract and detrimental reliance contained in his complaint. Mr. McDermott subsequently filed a motion for reconsideration which also requested that Mr. McDermott be allowed to amend his complaint to add claims of deceit and negligent misrepresentation. The Court denied this motion in an order issued on September 18, 2000. Mr. McDermott filed a notice of appeal on October 16, 2000.[1]

---

[1] Mr. McDermott has argued that this court need not examine the sufficiency of his second complaint until the Fourth Circuit has ruled on his appeal. This argument necessarily fails,

The Court will not repeat the underlying facts set forth in detail in each of its previous opinions. For the purposes of this opinion, however, there are a number of additional facts contained in Mr. McDermott's second complaint, regarding the initial negotiations surrounding his employment, that will be briefly examined. Mr. McDermott was initially contacted by NSCSA on an unspecified date in 1996, and claims that NSCSA made a number of false representations during the course of "face to face contacts, written communications, telephone calls, and social events" in order to induce him to sign a contract as Vice President of Marketing for NSCSA's Owner Representative Office, which was located in Baltimore, Maryland. (Compl. at ¶¶10-14.) These inducements seemed to have consisted primarily of statements that "the operations would be stable as NSCSA was making a major commitment to the North American market and the owner's representative office in Baltimore." (Compl. at ¶14.) Mr. McDermott states that before he accepted NSCSA's offer of employment in January 1997, he was once again promised that NSCSA

---

because, even if this court's previous decisions are found to be incorrect "'an erroneous conclusion' reached by the court in the first suit does not deprive the defendants in the second action 'of their right to rely upon the plea of res judicata..... A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action].'" Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428 (1981)(quoting Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 325, 47 S.Ct. 600, 604 (1927)).

was committed to building a stable presence in the international shipping market for North America. (Compl. at ¶¶17-18.) Mr. McDermott accepted employment with NSCSA in January 1997; he was terminated six months later in October 1997. (Compl. at ¶24.)

## **ANALYSIS**

NSCSA contends that the doctrine of res judicata bars Mr. McDermott's claims, and therefore, they should be dismissed. Mr. McDermott counters this argument, contending that his recently asserted claims of negligent misrepresentation, deceit, and intentional misrepresentation differ from the claims presented in his first complaint. Under the doctrine of res judicata (also referred to as claim preclusion), "a prior judgment bars the relitigation of claims that were raised or could have been raised in the prior litigation." Pittston Co. v. U.S, 199 F.3d 694, 704 (4th Cir. 1999). "To establish a res judicata defense, a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of the parties or their privies in the two suits." Jones v. SEC, 115 F.3d 1173, 1178 (4th Cir. 1997)(internal quotations omitted); see also In re Varat Enterprises, Inc. v. First Union Commercial Corp., 81 F.3d 1310, 1315 (4th Cir. 1996).

---

[2] Because the Court finds in NSCSA's favor, the Court will not reach the alternative arguments raised in its memoranda.

Here, there is no dispute that the first and third elements have been established. The parties, however, dispute whether the second element-the shared identity of the causes of action-has been satisfied. The "appropriate inquiry to determine whether causes of actions are identical for claim preclusion purposes is whether the claim presented in the new litigation 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" Pittston, 199 F.3d at 704 (quoting Harnett v. Billman, 800 F.2d 1308, 1313 (4th Cir. 1986). In order to determine whether current and prior claims are so interrelated that they should be considered together as a single claim, courts examine "their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes." Id. (quoting Restatement(Second) of Judgments § 24 cmt. b.)

Mr. McDermott argues that the causes of action asserted in each proceeding differ because, in the first proceeding, he asserted contractual claims based on NSCSA's post-employment behavior, while here, he has presented claims based on NSCSA's pre-employment behavior. This, however, is a false distinction because the same period of pre-employment negotiations form the factual predicate in each complaint. In the first proceeding, Mr. McDermott contended that a guarantee of employment for five years (a promise central to Mr. McDermott's claims of breach of

contract and detrimental reliance) was contained in the offer letter sent by a NSCSA representative in December 1996. This contention directly implicated the period of time involving pre-employment negotiations between NSCSA and Mr. McDermott. Consideration of the alleged guarantee and the factual circumstances associated with it was central to this court's holding in the first proceeding. (See Mem. Op. of 1/24/00 at 5-7, CCB-99-3080).

In this action, Mr. McDermott returns to the period of negotiations before the commencement of employment to argue that Mr. McDermott was intentionally misled by representatives of NSCSA with regard to the security of his position. Although he advances a different legal theory in this action[3], the claims raised in each proceeding arise from the same period of time in the parties' business relationship, and furthermore, could have been treated together to form a convenient unit at trial. Given the similarity of these causes of action, it is evident that the

---

[3] Mr. McDermott bases his claim of negligent misrepresentation on a theory of harm arising from misleading representations made by employers before the commencement of the employment adopted by the Maryland Court of Appeals in Griesi v. Atlantic General, 756 A.2d 548 (Md. 2000). Even if Griesi would apply in this instance (and this itself is subject to question, see Griesi, 756 A.2d at 559 (dissent)), Mr. McDermott has not alleged anything other than bare assertions that NSCSA made a number of indefinite promises regarding the security of his position. This is in sharp contrast to the factual history of Griesi, which reveals a number of clear and definable promises made by the employer. See Griesi, 756 A.2d at 549-551.

second element of the standard has been satisfied, and NSCSA's motion to dismiss will be granted.

A separate Order follows.

_7/06/01_
Date

_____
Catherine C. Blake
United States District Judge